UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-10324-CAS-JC | Date | July 8, 2020 |
|---|---|---|---|
| Title | Curtis Lavern Hoffman v. People of the State of California | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:**   (IN CHAMBERS)

### ORDER EXTENDING PETITIONER'S DEADLINE TO FILE RESPONSE TO ORDER TO SHOW CAUSE

On October 17, 2019, the Clerk received from petitioner Curtis Lavern Hoffman, a document entitled "Notice of Appeal" in San Luis Obispo Superior Court Case No. 18F-10506 ("State Case"), which was formally filed as a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in the instant federal action on December 5, 2019.  (Docket No. 1).  On December 20, 2019, the Court issued an "Order (1) Directing Petitioner to Clarify Nature of Submission; and (2) Re Petition for Writ of Habeas Corpus" ("December Order").  (Docket No. 3).  The December Order noted that it is not clear whether petitioner intended the Petition to be filed in this federal court as a Petition for Writ of Habeas Corpus or whether he misdirected it/mistakenly filed it in federal court and directed petitioner to file a notice clarifying the matter, indicating that if petitioner had mistakenly filed the Petition in this federal court, he could expedite matters by voluntarily dismissing it.  The December Order further noted that to the extent petitioner intended to file a federal habeas petition, the Petition was deficient in multiple identified respects, and directed petitioner to file a first amended petition correcting the identified deficiencies if he wished to proceed with this action.

Specifically, the Court identified the following deficiencies: (1) the Petition has not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") or the form currently approved by the Central District of California for habeas petitions (see Local Rule 83-16; Rule 2(d) of the Habeas Rules); (2) the Petition is not signed under penalty of perjury by petitioner or a person authorized to sign it for petitioner under 28 U.S.C. § 2242 (see Rule 2(c)(5) of the Habeas Rules; Local Rule 83-16.2); (3) the Petition does not specify all – or indeed any – grounds for relief available to petitioner, and does not state facts supporting each ground (see Rule 2(c) of the Habeas Rules); (4) the Petition identifies no claims let alone any federal constitutional claims (see 28 U.S.C. § 2254(a) (a petitioner may only seek federal habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States)); (5) the Petition names an improper respondent – the People of the State of California – instead of petitioner's immediate custodian (i.e., the prison warden at the facility where he is currently housed) (see 28 U.S.C. § 2242; Rule 2(a) of the Habeas Rules and the Advisory Committee Notes thereto); and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-10324-CAS-JC | Date | July 8, 2020 |
|---|---|---|---|
| Title | Curtis Lavern Hoffman v. People of the State of California | | |

(6) the Petition appears to be unexhausted since it alleges that petitioner is in the process of attempting to appeal his August 2019 conviction in the State Case. (Docket No. 3).

On January 13, 2020, petitioner filed a response to the December Order which, though difficult to decipher states, among other things, that petitioner has suffered "numerous constitutional mis-adjudications as well as statutory mis-conceptions, fueled by prosecutory and procedural error" in his State Case. (Docket No. 4). Such response did not correct any of the deficiencies identified in the December Order.

In light of the foregoing, the Court, on May 1, 2020, issued an Order to Show Cause ("OSC") directing petitioner to show cause by not later than May 21, 2020, why the Petition and this action should not be dismissed based on the deficiencies identified above/in the OSC. (Docket No. 6). The Court further notified petitioner that his filing of a First Amended Petition for Writ of Habeas Corpus which cured the stated deficiencies or a signed Notice of Dismissal – which would result in the voluntary dismissal of this action[1] – would be a sufficient response to the OSC, and directed the Clerk to provide petitioner with a blank current Central District of California habeas petition form and a Notice of Dismissal form.

On May 26, 2020, petitioner filed a document which describes difficulties he is encountering in responding to the Court's orders and which the Court construes to be a request for an extension of time to respond to the OSC ("Petitioner's Request"). (Docket No. 7). Construed as such, Petitioner's Request is granted. Petitioner's deadline to file a response to the OSC is extended to **August 7, 2020**.

**Petitioner is cautioned that the failure timely to respond to the OSC by the extended deadline may result in the dismissal of the Petition and this action based on the deficiencies in the Petition identified above/in the OSC, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.

---

[1] The OSC further notified petitioner that any dismissed claims may later be subject to dismissal as time-barred if raised in a subsequent federal habeas petition challenging the judgment in issue, and that even though it was not clear if the one-year statute of limitations that governs the filing of federal habeas petitions had commenced to run, the pendency of the instant action would not operate to toll such statute of limitations.